IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RITA MENGUCCI                                                  PLAINTIFF

VS.                                CIVIL ACTION NO. 3:09CV577TSL-FKB

BROWN BOTTLING GROUP, INC.                                     DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Brown Bottling Group, Inc. (Brown Bottling) to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Rita Mengucci has failed to respond to the motion.[1] Having reviewed defendant's memorandum of authorities and the complaint, the court finds that the motion is well taken and should be granted.

By her complaint, plaintiff alleges that she was employed by Brown Bottling as a merchandiser from November 2004 to June 2007 when she was terminated "in retaliation for her opposition to Defendant's discriminatory conduct and employment practices." She further avers that she performed the duties of her job as merchandiser in a satisfactory manner, that she was disciplined more severely than her male counterparts for similar infractions, that she was subjected to different conditions of employment than

---

[1] Plaintiff's response to the motion was due on February 22, 2010. On March 2, 2010, via email, the court specifically notified plaintiff's counsel that her response was past due. On March 4, 2010, plaintiff's counsel replied that she would respond "by tomorrow." No response has been filed.

similarly situated males and that when she was discharged, she was replaced by a male. On this factual basis, the complaint purports to state claims for discrimination and retaliation in violation of 42 U.S.C. § 1981, violation of her equal protection rights under the Fourteenth Amendment to the United States Constitution and negligent infliction of emotional distress.

By its motion, Brown Bottling argues that plaintiff's complaint must be dismissed pursuant to 12(b)(6) as she has failed to state a claim upon which relief may be granted. In ruling on a motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

Here, it is clear that plaintiff is not entitled to relief as to any of the claims which she has asserted. First, because sex discrimination is not cognizable under § 1981, plaintiff's putative claims for gender discrimination and gender-based retaliation necessarily fail. Bobo v. ITT, Continental Baking Co., 662 F.2d 340, 341 (5th Cir. 1981) ("we conclude that the

district court properly held that sex discrimination is not cognizable under § 1981"); Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 319 (5th Cir. 2004) (setting forth, inter alia, elements for claim of retaliation under § 1981, including requirement that plaintiff must have engaged in an activity protected by § 1981).  Plaintiff's equal protection claim fails because Brown Bottling, a private business, is not alleged to be a state actor.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (to state a claim under § 1983, plaintiff must allege a violation of a constitutional right by one or more state actors, which may include a private citizen who acted together with a state official or has obtained significant aid from state officials or whose conduct is otherwise chargeable to the State).  Finally, plaintiff's state law claim for negligent infliction of emotional distress is barred by the exclusivity provision of the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-9.  See McNeill v. City of Canton, Miss., Civil Action No. 3:06cv74 DPJ-JCS, 2008 WL 249437, 15 (S.D. Jan. 29, Miss.) ("Under Mississippi law, proof of an intentional tort is required to circumvent [the] exclusive remedies available under workers' compensation law; allegations sounding in negligence are inadequate to avoid the exclusivity provision.") (citation omitted).

Based on the foregoing, it is ordered that defendant's motion to dismiss pursuant to 12(b)(6) is granted.

A separate judgment in accordance with Rule 58 of the Federal Rules of Civil will be entered.

SO ORDERED this the 16th day of March, 2010.

_/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE